UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RAY SHARPE,<br><br>                            Plaintiff,<br>    v.<br>ALISHA GRUNDY, et al.,<br><br>                           Defendants. | Case No. 2:17-cv-01905-JAD-PAL<br><br>**ORDER**<br><br>(IFP App. – ECF Nos. 1, 3) |

This matter is before the court on Plaintiff Ray Sharpe's Applications to Proceed *In Forma Pauperis* (ECF Nos. 1, 3). These Applications are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Sharpe is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") at the High Desert State Prison. He is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. LSR 1-1 states that any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* ("IFP"), meaning without the prepayment of the full $400 filing fee.[1] *See also* 28 U.S.C. § 1915. Sharpe has requested permission to proceed IFP; however, his IFP Applications are either incomplete or submitted on the wrong form.

LSR 1-2 and § 1915 specifically require three items be submitted to this court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated,[2] (2) a copy of his or her inmate trust account

---

[1] The $400 filing fee consists of a $350 base fee and a $50 administrative fee. Pursuant to the court's Schedule of Fees dated January 1, 2015, the $50 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

[2] Local Special Rule 1-2 provides:
    An application to proceed *in forma pauperis* received from an incarcerated or institutionalized person shall be accompanied by a certificate from the institution certifying

1

statement for the six-month period prior to filing,[3] and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them.[4]  Additionally, LSR 1-1 states that a prisoner's IFP "application shall be made on the form provided by the court." *Id*. The District of Nevada has adopted an IFP application specifically for incarcerated litigants.  The prisoner IFP application required in this federal district court differs from the application used in Nevada state courts.  For example, the financial affidavit and acknowledgement used by this court includes more information than the state court's affidavit and affirmation.  Thus, prisoners must submit the correct form for this court's review.

Here, Mr. Sharpe has submitted two IFP applications.  The first IFP Application (ECF No. 1) was submitted on the correct form but it is missing two items: a financial certificate signed by an authorized NDOC officer and a copy of his inmate trust account statement.  The second IFP Application (ECF No. 3) was submitted on the form used by the Nevada state courts, which does not contain all the information required in this court.  The court notes that Sharpe did submit a copy of his inmate trust account statement but it was not authenticated by an authorized NDOC officer with a signed financial certificate.  Although Mr. Sharpe may qualify to proceed IFP, the court cannot determine the amount of the initial partial filing fee because he has not submitted the correct forms and supporting documentation.  Therefore, the court will deny Sharpe's IFP Applications without prejudice.

Accordingly,

/ / /

/ / /

---

the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six (6) months preceding the submission of the application.

[3] 28 U.S.C. § 1915(a)(2) requires a prisoner seeking to bring a civil action without prepaying fees to "*submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint*, which the prisoner must obtain "from the appropriate official of each prison at which the prisoner is or was confined." (emphasis added).

[4] 28 U.S.C. § 1915(a)(1) states that federal courts may authorize a prisoner's filing of a civil action without prepayment of fees when he "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

**IT IS ORDERED:**

1. Plaintiff Ray Sharpe's Applications to Proceed *In Forma Pauperis* (ECF Nos. 1, 3) are DENIED WITHOUT PREJUDICE.
2. The Clerk of Court shall RETAIN the Complaint (ECF No. 1-1), but **SHALL NOT** issue summons.
3. The Clerk of Court shall MAIL Sharpe a blank IFP application for incarcerated litigants along with instructions for completing the application.
4. Mr. Sharpe must file a new IFP application, accompanied by a signed and executed financial certificate, a signed and executed financial affidavit, and a statement of his inmate trust account on or before **September 22, 2017**.
5. Alternatively, Mr. Sharpe shall pay the $400 filing fee, accompanied by a copy of this Order, on or before **September 22, 2017**.
6. Mr. Sharpe's failure to comply with this Order by (a) submitting a completed IFP application, or (b) paying the filing fee before the **September 22, 2017** deadline will result in a recommendation to the district judge that this case be dismissed.
7. In addition, Mr. Sharpe must file a certificate of interested parties as required by LR 7.1-1 of the Local Rules of Practice on or before **September 22, 2017**.

Dated this 23rd day of August, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE