1

2

3

4                       UNITED STATES DISTRICT COURT

5                             DISTRICT OF NEVADA

6                                    * * *

7    RAY SHARPE,                                Case No. 2:17-cv-01905-JAD-PAL

8                                Plaintiff,
          v.                                              **ORDER**
9
     ALISHA GRUNDY, et al.,                        (IFP App. – ECF No. 5)
10
                               Defendants.
11

12          This matter is before the court on Plaintiff Ray Sharpe's Applications to Proceed *In Forma*

13   *Pauperis* (ECF No. 5).  This Application is referred to the undersigned pursuant to 28 U.S.C.

14   § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

15          Mr. Sharpe is a prisoner in the custody of the Nevada Department of Corrections

16   ("NDOC") at the High Desert State Prison.  He is proceeding in this action *pro se*, which means

17   that he is not represented by an attorney.  *See* LSR 2-1.  LSR 1-1 states that any person who is

18   unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma*

19   *pauperis* ("IFP"), meaning without the prepayment of the full $400 filing fee.[1]  *See also* 28 U.S.C.

20   § 1915.  Sharpe requested permission to proceed IFP upon initiating this case.  However, his IFP

21   Applications (ECF Nos. 1, 3) were either incomplete or submitted on the wrong form.

22          The court informed Mr. Sharpe that his first IFP Application (ECF No. 1) was submitted

23   on the correct form but was missing two items: a financial certificate signed by an authorized

24   NDOC officer and a copy of his inmate trust account statement.  *See* Aug. 24, 2017 Order (ECF

25   No. 4).  The second IFP Application (ECF No. 3) was submitted on the form used by the Nevada

26   state courts, which does not contain all the information required in this court.  The court noted that

27   ─────────────────────
[1]  The $400 filing fee consists of a $350 base fee and a $50 administrative fee.  Pursuant to the court's
28   Schedule of Fees dated December 1, 2016, the $50 administrative fee does not apply to persons granted *in*
     *forma pauperis* status under 28 U.S.C. § 1915.

                                            1

"Sharpe did submit a copy of his inmate trust account statement but it was not authenticated by an authorized NDOC officer with a signed financial certificate." Order (ECF No. 4) at 2. Because he had not submitted the correct forms and supporting documentation, the court could not determine the amount of the initial partial filing fee and therefore denied the IFP Applications without prejudice. *Id*. at 2–3. The court instructed Mr. Sharpe that, by September 22, 2017, he must (1) file a new IFP application, accompanied by a signed and executed financial certificate, a signed and executed financial affidavit, and a statement of his inmate trust account, or (2) pay the $400 filing fee. *Id*. at 3.

Mr. Sharpe timely filed a new IFP Application (ECF No. 5) along with a copy of his inmate trust account statement and a financial certificate signed by an authorized NDOC officer. The financial certificate authenticates Sharpe's financial information as of July 24, 2017, and states that his account balance was $447.66. Mr. Sharpe's application includes additional inmate trust account statements that appear to cover transactions that occurred in August 2017 after the NDOC officer signed the financial certificate. *See* IFP App. (ECF No. 5) at 13–18. However, as noted in the previous Order (ECF No. 4), the court cannot determine an initial partial filing fee based upon account statements that are not authenticated by an authorized NDOC officer with a signed financial certificate. Because Sharpe's account balance was over $350.00, the financial certificate states that he must pay the $350.00 base filing fee before he will be allowed to proceed in the action. Mr. Sharpe signed the financial certificate acknowledging the same. The court finds that. Sharpe must pay the base filing fee of $350.00, and he shall have until **February 5, 2018**, to submit his filing fee.

Upon receipt of the filing fee, the court will screen Plaintiff's complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that § 1915(e)'s screening requirement "applies to all *in forma pauperis* complaints").[2] If the complaint states a valid claim for relief, the court will direct the Clerk of the Court to issue

---

[2] 28 U.S.C. § 1915A(a) requires district courts to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity."

summons to the defendant(s) and instruct the United States Marshal Service to serve the summons and complaint. *Cf.* Fed. R. Civ. P. 4(c)(3); LSR 1-3(c) (requiring that a prisoner's initial partial filing fee be paid "*before* the Court will order service of process").

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 5) is **GRANTED**.

2. Plaintiff is permitted to maintain this action to conclusion without prepaying the full $400 filing fee or costs or giving other security therefor. Plaintiff must pay the base filing fee of $350.00 on or before **February 5, 2018**.

3. The Clerk of Court shall MAIL Plaintiff two copies of this Order. Plaintiff must make the necessary arrangements to have one copy of this Order attached to a check in the amount of the $350.00 filing fee.

4. This Order granting IFP status does not extend to issuance and/or service of subpoenas at government expense.

Dated this 3rd day of January, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE