UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RAY SHARPE,<br><br>         Plaintiff,<br>v.<br><br>ALISHA GRUNDY, et al.,<br><br>         Defendants. | Case No. 2:17-cv-01905-JAD-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Compl. – ECF No. 1-1) |

  This matter is before the court for a screening of Plaintiff Ray Sharpe's proposed Complaint (ECF No. 1-1). This screening is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

## **BACKGROUND**

  Mr. Sharpe is a prisoner in the custody of the Nevada Department of Corrections at the High Desert State Prison. He is proceeding in this action *pro se*, which means he is not represented by an attorney. *See* LSR 2-1. This case involves Sharpe's allegations of civil rights violations pursuant to 42 U.S.C. § 1983. Mr. Sharpe commenced this action on July 11, 2017, by filing an Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and proposed complaint (ECF No. 1-1). The court could not determine whether he was eligible to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400 filing fee, because he submitted the wrong application. Order (ECF No. 4). Sharpe filed a new IFP Application (ECF No. 5). The court granted his request and found that he must pay the $350 base filing fee. Order (ECF No. 7). Sharpe timely submitted his $350 filing fee. Receipt of Payment (ECF No. 9). The court now screens his proposed Complaint.

## **DISCUSSION**

  After granting a prisoner's request to proceed IFP, a federal court must screen the

complaint and any amended complaints filed before allowing the case to move forward, issuing summonses, and requiring a responsive pleading. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). The court must conduct a screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its screening, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); 28 U.S.C. § 1915A(b). If Sharpe has paid the filing fee and the complaint states a valid claim for relief, the court will direct the Clerk of Court to issue summons to the defendants and instruct the United States Marshal Service to serve the summons and complaint. *Cf.* Fed. R. Civ. P. 4(c)(3); LSR 1-3(c).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639 (9th Cir. 2018). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**A. Sharpe's Factual Allegations and Claims for Relief**

The Complaint (ECF No. 1-1) names Alisha Grundy and "Officer John Doe #6541" of the Las Vegas Metropolitan Police Department ("LVMPD") as defendants. Sharpe asserts pursuant to 42 U.S.C. § 1983, that defendants violated his civil rights under the Fourteenth Amendment.

Mr. Sharpe alleges that on July 10, 2015, Ms. Grundy broke into his house and removed his property without his authorization or consent. He claims that Gina Johnson has "power of authority of residence" and she called the police to report Ms. Grundy's actions. Officer #6541 responded to the call and watched Ms. Grundy take things from the property. Ms. Johnson purportedly informed Officer #6541 that Ms. Grundy was not authorized to be on the property or to remove items, and Ms. Johnson asked Officer #6541 to remove Ms. Grundy from the property. However, Sharpe alleges that Officer #6541 told Ms. Johnson to leave the property or he would

arrest Johnson. Officer #6541 continued to allow Ms. Grundy to remove items from the property without Mr. Sharpe's or Ms. Johnson's permission.

In his request for relief, Sharpe seeks to "be paid for all propertys that was taking by Ms. Grundy?" [*sic*]. Compl. at 9. The Complaint acknowledges that Sharpe has filed another action involving the same or similar facts in the Eighth Judicial District Court for the State of Nevada. *See Sharpe v. Grundy, et al.*, A-13-676715-C.[1] Sharpe represents that the case was filed in January 2013 and the disposition is "appealed having been remanded." *Id.* at 7. According to the state court's Register of Actions, judgment was entered in July 2018 against Ray Sharpe, Sharpe Investments, Inc., and Gena Johnson in favor of Alisha Grundy for $15 million dollars and $9.5 million dollars.

For the reasons discussed below, the court finds that Sharpe's Complaint fails to state a claim upon which relief can be granted. Because it is clear from the Complaint that amendment would be futile, the court recommends dismissal.

**B. Legal Standard**

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id.*, or lack an arguable "basis in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Malicious claims are those "filed with the intention or desire to harm another." *King*, 398 F.3d at 1121; *Washington*, 833 F.3d at 1055.

---

[1] Judicial notice is properly taken of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639 n.3 (9th Cir. 2018). The court takes judicial notice of the proceedings in the state court.

The standard for determining whether a plaintiff has failed to state a claim under §§ 1915 and 1915A is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043 (9th Cir. 2016) ("The phrase 'fails to state a claim upon which relief may be granted' from § 1915(g) purposely "parallels the language of [Rule] 12(b)(6)."). A district court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). For purposes of a Rule 12(b)(6) review, well-plead factual allegations are accepted as true, but vague allegations, unreasonable inferences, and legal conclusions are not entitled to the assumption of truth. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007)).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as the grounds for the court's jurisdiction and a demand for relief. Fed. R. Civ. P. 8(a). To avoid dismissal on a Rule 12(b)(6) review, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the misconduct alleged. *Teixeira*, 873 F.3d at 678 (quoting *Iqbal*, 556 U.S. at 678). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Id*. at 678. Merely reciting the elements of a cause of action and providing only conclusory allegations will not be enough to survive the court's review. *Id.* at 679–80. The factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A complaint should be dismissed where the claims have not crossed the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

---

[2] All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

4

**C. Analysis**

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). To state a claim under § 1983, a plaintiff must allege: (1) his or her his civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988). A person acts under color of state law when he or she "exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, --- U.S. ----, 137 S. Ct. 911, 920 (2017) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Manuel*, 137 S. Ct. at 920; *see also Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 738 (9th Cir. 1987) ("In any section 1983 action, the first question is whether section 1983 is the appropriate avenue to remedy the alleged wrong.")

1. Ms. Grundy is Not a State Actor

"A § 1983 claim can be brought only against a state actor." *Amistad Christiana Church v. Life is Beautiful, LLC*, 132 F. Supp. 3d 1246, 1251 (D. Nev. 2015), *aff'd*, 692 F. App'x 922 (9th Cir. 2017). Private parties who are not affiliated with a state or municipal government generally do not act under color of state law. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). State action may be found only if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) (en banc) (internal quotation omitted).

Mr. Sharpe fails to state a plausible § 1983 claim against Ms. Grundy because she is not a state actor. The Complaint does not allege any facts to suggest a nexus between Officer #6541 and Ms. Grundy's actions. Sharpe merely alleges that Officer #6541 responded to the call, watched Ms. Grundy take items from the property, and allowed her to do so over Ms. Johnson's objections.

1 Sharpe does not allege that Officer #6541 and Ms. Grundy were engaged in joint activity, Grundy
2 acted under the officer's direction, or the officer coerced Grundy's actions. *See Kirtley v. Rainey*,
3 326 F.3d 1088, 1092 (9th Cir. 2003). Dismissal is appropriate where a complaint is devoid of
4 allegations regarding state action. *See Villegas*, 541 F.3d at 954–57.

5                     2.   The Fourteenth Amendment – Count I

6 The Due Process Clause of the Fourteenth Amendment prohibits "any State" from
7 depriving a "person of life, liberty, or property, without due process of law." U.S. Const. amend
8 XIV, § 1. The Supreme Court has recognized that the language of the Due Process Clause does
9 not requires the government to protect the life, liberty, or property of its citizens against invasion
10 by private individuals. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195
11 (1989). The Due Process Clause provides a limitation on a state's power to act, "not as a guarantee
12 of certain minimal levels of safety and security." *Id.* In other words, the clause only forbids *the*
13 *state itself* from depriving individuals of life, liberty, or property without due process of law. *Id.*
14 As a result, a state or municipal actor cannot be held liable for its omissions or failure to act under
15 the Due Process Clause. *Id.* at 196–97 (holding that "the State cannot be held liable under the
16 Clause for injuries that could have been averted had it chosen to provide them"); *Pauluk v. Savage*,
17 836 F.3d 1117, 1122–23 (9th Cir. 2016) (collecting cases); *Campbell v. Wash. Dept. of Soc. Servs.*,
18 671 F.3d 837, 842 (9th Cir. 2011) ("It is well established that although the Constitution protects a
19 citizen's liberty interest in her own bodily security, the state's failure to protect that interest does
20 not violate the Fourteenth Amendment." (internal citation omitted)).

21 Because of its inherent limitation to government action, the Due Process Clause "does not
22 require the State to provide its citizens with particular protective services." *DeShaney*, 489 U.S.
23 at 196–97; *see also Estate of Amos ex rel. Amos v. City of Page, Arizona*, 257 F.3d 1086, 1091
24 (9th Cir. 2001). The "police have no affirmative obligation to investigate a crime in a particular
25 way or to protect one citizen from another even when one citizen deprives the other of liberty of
26 property." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994) (citing
27 *DeShaney*, 489 U.S. at 195–96). Thus, a plaintiff does not have a constitutional right to have the
28 police investigate his complaints against other parties. *See Town of Castle Rock*, *Colo. v. Gonzales*,

545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."). A plaintiff cannot state a § 1983 claim merely by alleging the police failed to handle a complaint in a particular manner.[3]

The Complaint fails to state an actionable Fourteenth Amendment claim. Mr. Sharpe alleges an unconstitutional deprivation of property because Officer #6541 allowed Ms. Grundy to take things from his property. Taking these allegations as true, Mr. Sharpe has not stated a § 1983 claim upon which relief can be granted. The police do not have a constitutional duty to protect a person from a deprivation of property by private individuals.

### D. Amendment is Futile

When a court dismisses a complaint upon the initial screening, a plaintiff is typically given leave to amend the complaint unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). The court has no obligation to grant leave to amend when it clearly determines that "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Calif. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

In this case, no colorable grounds exist to support a plausible § 1983 claim under the Fourteenth Amendment because the police do not have a constitutional duty to protect from deprivations of property by private individuals. Any amendment of the complaint by Sharpe would therefore be futile. *See Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (leave to amend may be denied if a court determines that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency"); *Johnson v. American Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987) (no colorable grounds exist if the amendment is not

---

[3] *See, e.g., Andersen v. Helzer*, 551 F. App'x 363, 364 (9th Cir. 2014) (affirming dismissal of § 1983 action because plaintiff did not allege facts to show defendants violated any federally protected right by allegedly failing to investigate the theft of his property); *Boldt v. Myers*, 376 F. App'x 800, 801 (9th Cir. 2010) (affirming dismissal of § 1983 action alleging that defendants failed to investigate her allegations of elder abuse); *Davis v. Brock & Brock Ltd.*, 133 F.3d 926 (9th Cir. 1997) (affirming dismissal of § 1983 obstruction of justice claim where plaintiff alleged that a police officer refused to help him file charges against a defendant and prevented him from recovering money he was owed because officer "had no duty to help him recover his money").

sufficient to withstand a motion to dismiss or a motion for summary judgment). The court therefore recommends dismissal with prejudice.

Based on the foregoing,

**IT IS RECOMMENDED** that:

1. Plaintiff Ray Sharpe's Complaint be **DISMISSED with prejudice**.

2. The Clerk of the Court be instructed to enter judgment accordingly.

Dated this 30th day of January 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.